OPINION
Defendant-appellant, Kimberly Washington, appeals from the decision of the Franklin County Court of Common Pleas overruling her motion to suppress evidence. Appellant was indicted on counts of receiving stolen property, forgery and possession of a criminal tool. The indictment alleged that appellant and David Gossett received, retained, or disposed of a blank check belonging to Edwin Kennedy, that appellant and Gossett forged one of the Kennedy checks with the name "Shawn Snow" for $600, and that appellant and Gossett possessed a criminal tool.
The trial court held a suppression hearing on March 8, 2000. Officer Shirk testified at the hearing on behalf of plaintiff-appellee, the state of Ohio. The officer testified that, on September 3, 1999, he responded to an "officer in trouble" call at a local bank. He remembered overhearing a previous dispatch for an officer to go to the bank to investigate a report that a stolen check was being cashed. Officer Minotti was the officer who responded to the previous stolen check call and was the one who subsequently called for help. When Officer Shirk arrived for assistance, Officer Minotti was bent over his cruiser and appeared to be in pain. Officer Minotti told Officer Shirk that the male suspect had gotten away, but that "the lady that was sitting in the car was involved in the incident."
Officer Shirk talked to appellant about the events at the bank. According to the officer, appellant admitted to being involved in the "incident to assault Officer Minotti." Officer Shirk ordered appellant out of her vehicle and instructed her to walk with him to his cruiser. The officer testified that he wanted to place appellant in his cruiser to "secure" her. At the time, appellant was carrying a purse. The officer took possession of the purse and searched its contents. When Officer Shirk searched the purse, he saw a pad of checks with the name "Edwin Kennedy." Next, according to Officer Shirk, he placed the "purse in the front of my cruiser, having placed [appellant] in the rear."
Appellant's trial counsel introduced Officer Shirk's police report, which stated:
 * * * OFFICERS WERE DISPATCHED TO [A LOCAL BANK] ON A F/B AND A M/W IN THE DRIVE-THRU IN A BURGUNDY CAR ATTEMPTING TO CASH A STOLEN CHECK. * * * OFFICER SHIRK ARRIVED ON SCENE AND DETAINED [APPELLANT] FOR INVESTIGATION. OFFICER SHIRK PLACED [APPELLANT] IN THE REAR OF 141 CRUISER AND TOOK HER PURSE FROM HER. OFFICER SHIRK CHECKED THE PURSE FOR WEAPONS AND AS SOON AS THE PURSE WAS OPENED OFFICER SHIRK OBSERVED A PAD OF CHECKS THAT WERE REPORTED STOLEN. * * *
The trial court concluded that the purse search was constitutional and, therefore, overruled appellant's motion to suppress. Subsequently, appellant pleaded "no contest" to the above charges. The trial court found appellant guilty of the charges and imposed a two-year period of community control.
Appellant appeals, raising one assignment of error:
 The trial court committed reversible error by overruling a defense motion to suppress the results of a search conducted in violation of the rights afforded by the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article I of the Ohio Constitution.
In her single assignment of error, appellant contends that Officer Shirk searched her purse in violation of her constitutional rights. We disagree.
The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Searches conducted without a warrant are per se unreasonable unless they come within one of the "few specifically established and well delineated exceptions." Minnesota v. Dickerson (1993), 508 U.S. 366, 372.
The Ohio Supreme Court has held that, absent "persuasive reasons," the Ohio Constitution will be read in the same manner as the Federal Constitution regarding search and seizure issues. State v. Robinette (1997), 80 Ohio St.3d 234, 239; see, also, State v. Kinney (1998),83 Ohio St.3d 85, 87 (noting that Ohio's search and seizure constitutional provision "is nearly identical in its language, and its protections are coextensive with its federal counterpart").
In upholding the search in this case, the trial court concluded, "[c]learly, the fact that [appellant] had the purse close at hand, it was very reasonable for [Officer Shirk] to look in there for safety, to make sure that there weren't any weapons." An officer conducting an investigative stop may initiate a brief pat-down search of an individual for weapons if the officer has objective reason to believe the individual may be "armed and presently dangerous." Terry v. Ohio (1968), 392 U.S. 1,30.
However, in this case, Officer Shirk had no reason to believe that appellant was armed and dangerous. The officer stated in his police report that appellant was not resisting the detention. In addition, at the suppression hearing, Officer Shirk indicated that he observed no "movements or furtive gestures" from appellant after he arrived. Thus, Officer Shirk was unable to avail himself of the Terry exception when he searched appellant's purse.
Appellee contends, nonetheless, that the search was valid under the search incident to a lawful arrest exception to the warrant requirement. Under this exception, when an arrest is made, an officer may conduct a full search of the individual and the area within his or her immediate control. Chimel v. California (1969), 395 U.S. 752, 763. We recognize Officer Shirk's subjective indication at the suppression hearing that appellant was not under arrest when he searched her purse. However, a search may be classified as incident to a lawful arrest if the record demonstrates that the defendant was technically under arrest when the police officer conducted the search. See Rawlings v. Kentucky (1980),448 U.S. 98, 111; Peters v. New York (1968), 392 U.S. 40, 66-67.
Here, the record demonstrates that, before Officer Shirk searched appellant's purse, he ordered her to leave her car and follow him to the police cruiser. The officer testified that he wanted to "secure" her in the police cruiser. Officer Shirk also mentioned that appellant was not free to leave during events leading up to the search, and we may properly infer from Officer Shirk's actions that appellant understood the nature of her detention. These factors establish that appellant was technically under arrest before the search occurred. See State v. Darrah (1980),64 Ohio St.2d 22, 26.
However, for the arrest to be lawful, it must be based on probable cause, which is defined as "whether at that moment the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [defendant] had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91.
In this case, the record establishes that Officer Shirk had probable cause to arrest appellant for her involvement in attempting to cash a stolen check. A local bank reported that appellant and her male passenger were attempting to cash a stolen check. When Officer Shirk arrived at the bank, he learned from Officer Minotti that the male suspect had fled, but that "the lady that was sitting in the car was involved in the incident." Probable cause is also established through appellant's admitting her involvement in the incident. Finally, the passenger's assault on a police officer and resulting flight from the area allowed Officer Shirk to believe that a crime had been committed. See Peters, at 66 (noting that "deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of mens rea"). Accordingly, we conclude that Officer Shirk searched appellant's purse while she was under lawful arrest.
We next determine whether the purse was properly searched incident to appellant's arrest. Appellant contends that the purse was not searched incident to her arrest because the search occurred after she was already seized and placed in the cruiser. The Ohio Supreme Court has previously upheld the search of a purse that a woman was carrying at the time of her arrest. State v. Mathews (1976), 46 Ohio St.2d 72, 76. In Mathews, the detective retrieved the purse from the woman upon arresting her, set the purse on a nearby table and searched its contents. Id. at 73. The court concluded that the search was valid as incident to her lawful arrest. Id. at 76.
In State v. Sharpe (June 30, 2000), Harrison App. No. 99 CA 510, the Seventh District Court of Appeals relied on Mathews to uphold the search of a shoulder bag that a defendant was carrying at the time of his arrest. The defendant argued that the search was not incident to his arrest because the shoulder bag was removed from his person before it was searched and because the search took place while he was in the police cruiser. In rejecting the defendant's argument, the appellate court concluded that the search was permissible because the defendant was in control of the bag at the time of his arrest and the search was conducted contemporaneously with the arrest.
The facts of this case are analogous to Mathews and Sharpe. Appellant was in control of the purse at the time of her arrest and the search was conducted contemporaneously with the arrest. Therefore, we conclude that Officer Shirk was authorized to search appellant's purse under the search incident to lawful arrest exception to the warrant requirement. Accordingly, the trial court did not err in overruling appellant's motion to suppress.
Appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
 _____________________ KENNEDY, J.
DESHLER and LAZARUS, JJ., concur.